IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES BLUME, JOSE CASTANEDA,** *et al.*, individuals with others and on behalf of the People of The State of California similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CA, C.O.L.A., CITY OF L.A, L.A.S.C., STATE BAR OF CA. Mag. Judge STEVE KIM, Jack K. CONWAY, JAN W. ANDERSON,** *et al.*,<br><br>**Real Parties in Interest: JUDGE HICKOK, COMM. DREWRY, JUDGE MILLER, JUDGE DEVANON, SAM PAZ, SONIA, MERCADO, LISA MACCARLEY, EMAHN, COUNTS, SEVAG NIGOGHOSIAN, GREG BLAIR, SARAH OVERTON, ROBERT FELTON, STEPHEN RYKOFF, ROBERT GOMEZ, DAVID A XAVIER MICHAEL FLANAGAN, WAYNE BOEHLE, OSCAR ACOSTA AND CHASE BANK,** *et al.*,<br><br>Defendants. | Case No. 3:20-cv-1057-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

  Plaintiff Jose Castaneda is a self-represented litigant and resident of California. He alleges that he is also known as "James Blume, USMC," lists Mr. Blume in the caption as a plaintiff in this case, and signed the Complaint in this case "Jose Castaneda aka James Blume

PAGE 1 – OPINION AND ORDER

USMC." A review of the Complaint, however, shows that the only connection Mr. Blume has to this action is that Mr. Castaneda alleges that Mr. Blume lost a case in California court and was subject to a similar alleged fraudulent scheme and conspiracy by California judges and attorneys.[1] The Court does not accept as true Mr. Castaneda's allegation that he is also known as James Blume.

Mr. Castaneda brings this suit against named defendants the State of California, the City and County of Los Angeles, the Los Angeles Superior Court, United States Magistrate Judge for the Central District of California Steve Kim, and attorneys Jack K. Conway and Jan W. Anderson.[2] Mr. Castaneda also lists in the caption "real parties in interest," including former and current California state court judges and attorneys. These persons are discussed in the Complaint as if they are named defendants. They are not, however, listed in the proposed Summons. Mr. Castaneda alleges that Defendants and other judges and attorneys all engaged in a conspiracy of fraud, theft, bribery, and other illegal acts to steal from litigants in California, including Mr. Castaneda.

Service of process has not yet occurred. Mr. Castaneda also filed an application with the Court to proceed *in forma pauperis*. ECF 2. The Court grants the application to proceed *in forma pauperis* but finds that even under the liberal pleading standards afforded a self-represented, or *pro se*, litigant, Mr. Castaneda alleges frivolous claims, alleges claims against Defendants that

---

[1] For example, Mr. Castaneda alleges that an attorney "came in and argued for James Blume in his case like mine, and he never hired her, never had a contract, never paid her too! Just like my case!" ECF 1 at 5. Mr. Castaneda also alleges that Mr. Blume was a "witness" to alleged improper acts that occurred relating to one of Mr. Castaneda's court cases. ECF 1 at 11.

[2] A review of the proposed Summons shows that Defendant "C.O.L.A." is the County of Los Angeles and Defendant "L.A.S.C." is the Los Angeles Superior Court.

PAGE 2 – OPINION AND ORDER

are immune from suit, and fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, this case is dismissed.

## STANDARDS

Congress established that when a complaint is filed *in forma pauperis*, even if the plaintiff filed a filing fee or portion thereof, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"); *Preciado v. Salas*, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

PAGE 3 – OPINION AND ORDER

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented, or *pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## ALLEGATIONS IN THE COMPLAINT

Mr. Castaneda alleges all causes of action against all Defendants. He alleges that all Defendants are the agents, partners, employees, or joint venturers of one another. The Court

PAGE 4 – OPINION AND ORDER

rejects this allegation as conclusory. The Court therefore reviews the Complaint for sufficient allegations against each Defendant.

Mr. Castaneda has been involved in numerous cases in California trial and appellate courts. These include cases involving: (1) an ownership dispute over property transferred to Mr. Castaneda and his siblings by his mother; (2) his mother's estate; (3) his brother's estate; and (4) his claims of legal malpractice, fraud, and similar claims against many of the same defendants as are named in this case. Mr. Castaneda alleges that in these cases attorneys representing him conspired with the judges and opposing counsel to ensure that Mr. Castaneda lost in court. He also alleges judicial bribery and other court malfeasance, such as destruction or tampering with evidence. He further alleges that various attorneys made false statements in court and filed false documents. He believes that millions of dollars of his brother's California estate have been "lost" and he requests this Court help him find the money or order the California court to pay him the money because at one point it had been in the court's "custody."

Not all of the specific legal causes of action alleged by Mr. Castaneda are clear. His first asserted cause of action is that a judicial system was created in California to violate the civil rights of the litigants by "selling" verdicts. His second alleged cause of action is "sabotaging" evidence to assist a specific attorney with a bribe. His third cause of action is perjury by a court officer. His fourth cause of action of violation of due process. His fifth cause of action is fraud on or by the courts. His sixth cause of action alleges a violation of 42 U.S.C. § 1983 by allowing Mr. Castaneda to be represented by attorney Ehman Counts. His seventh cause of action alleges a § 1983 claim for allowing court officers and personnel to violate the law and engage in "mental terrorism" against Mr. Castaneda. His eighth cause of action alleges a claim under 42

PAGE 5 – OPINION AND ORDER

U.S.C.§ 1985. His ninth cause of action alleges judicial conspiracy. His tenth cause of action alleges a claim under 18 U.S.C. § 241 and 242.

Mr. Castaneda describes years of litigation and discrete acts by attorneys and judges that Mr. Castaneda alleges were motivated by greed and a desire to ensure that he was unsuccessful in all of his cases. Some of his allegations are less than clear and many are posed as questions (such as "Why are Judicial Criminalized Acts allowed in civil proceedings? And, I object!" and "If I was stalking her, why didn't she call the Police?").

Plaintiff requests $1,955,000 that he alleges is the value of costs incurred in eleven California court cases. He requests $2.3 million that he asserts is the "appraised value" of a "work production order" from one of the California cases to prove judicial fraud. He also requests $996,002.45 that he alleges was denied by the California Court of Appeals in one of the California cases. He further requests the "impeachment" of several attorneys, punitive damages against one attorney, and the release of attorney files.

## DISCUSSION

### A. Putative Class Action

Mr. Castaneda purports to bring this action on behalf of similarly situated persons in the state of California. That would be a putative class action. Mr. Castaneda, however, is proceeding *pro se* without representation. The Court notes that "plaintiffs proceeding *pro se* and without counsel, are not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class." *Smith v. Quigley*, 2016 WL 3218804, at *1 (W.D. Wash. June 10, 2016) (citing Fed. R. Civ. P. 23(a)); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (noting that "a litigant appearing *in propria persona* has no authority to represent anyone other than himself"); *Axtle v. City of Alameda*, 2013 WL 5979201, at *2 (N.D.

Cal. Nov. 8, 2013) ("However, *pro se* plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class.").

## B. Rule 8

The Complaint consists of twenty-five (24) single-spaced pages of rambling allegations against not only the named Defendants, but numerous additional judges and attorneys the Complaint characterizes as "defendants" despites those persons not being named as defendants in the caption. The Complaint discusses conduct from throughout the last eleven years. It contains 26 pages of exhibits.

As an initial matter, the Court finds that Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 provides that in order to state a claim for relief in a pleading, the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2). *See Cafasso, United States ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling"); *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *see also Murguia v. Langdon*, 2020 WL 3542310, at *12 (E.D. Cal. June 30, 2020) (dismissing a complaint under Rule 8 as "mostly narrative ramblings and storytelling," noting that it "says too much," contains "allegations [that] are at times rambling and repetitive and [] interspersed with unnecessary legal conclusions," and warning that "[a] complaint is not a brief" (quotation marks omitted)). For these reasons, the Court dismisses the entire Complaint for failing to comply with Rule 8.

As discussed below, Mr. Castaneda will have the opportunity to replead at least some of his claims. The Court expects compliance with Rule 8 in any amended complaint. As separate and additional grounds for dismissal, the Court next assesses Mr. Castaneda's Complaint as instructed by 28 U.S.C. § 1915(e), considering whether the Complaint requests relief from a defendant who is immune, makes frivolous allegations (as that term is used in § 1915(e)), and fails to state a claim.

## C.  Defendants Who are Immune from Suit

Section 1915(e) instructs the Court to review whether a complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Several Defendants are immune from relief.

### 1.  Eleventh Amendment Immunity

The State of California is immune from suit in federal court under the Eleventh Amendment. *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). The State Bar of California also is immune under the Eleventh Amendment. *See Hirsh v. Justices of the Supreme Court of the State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association . . . ."); *see also Breck v. Doyle*, 2019 WL 6048847, *2 (9th Cir. 2019) ("Eleventh Amendment immunity extends beyond the state itself. . . . We have previously recognized that both the Nevada Supreme Court and the [State Bar of Nevada] are arms of the State of Nevada, and so are immune from § 1983 damages claims." (citation omitted)); *Strojnik v. State Bar of Ariz.*, 2020 WL 1275781, *3 (D. Ariz. 2020) ("Arizona state courts and courts in this District have definitively held that the State Bar 'is an arm of the Arizona Supreme Court,' and therefore, the State Bar 'is immune from suit under the Eleventh Amendment.'" (citations omitted)).

PAGE 8 – OPINION AND ORDER

Finally, the Los Angeles Superior Court is similarly immune under the Eleventh Amendment. It is a state agency or "arm of the state." *See Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (claims against California state court barred by Eleventh Amendment sovereign immunity); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (same). Claims against these Defendants are dismissed without prejudice, but without leave to replead in this Court. The § 1983 claim against these Defendants, however, also is dismissed with prejudice because it cannot be brought even in state court. *See Pittman v. Or., Employment Dep't*, 509 F.3d 1065, 1072 (9th Cir. 2007) (noting that § 1983 claims also cannot be brought in state court against states or "arms of the state").

### 2. Judicial Immunity

Judges are absolutely immune from liability for damages, declaratory relief, and generally for injunctive relief[3] sought as a result of judicial acts performed in their judicial capacity. *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (*superseded by statute on other grounds*); *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see also Craig v. Villicana*, 676 F. App'x 716 (9th Cir. 2017). To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." *McGuire v. Clackamas Cty. Counsel*, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009) (citing *Stump*, 435 U.S. at 362). Judges "enjoy absolute immunity even when

---

[3] Prospective injunctive relief against a judicial official may be available under § 1983 in the limited circumstances when "a declaratory decree was violated or declaratory relief was unavailable."

PAGE 9 – OPINION AND ORDER

their actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

There are many judges discussed in the Complaint. The Complaint primarily focuses on state court judges and their actions. These judges are not named defendants in the caption, although the body of the Complaint references them as "defendants." Because the Court construes the pleadings of *pro se* litigants liberally, the caption of the Complaint includes "*et al.*," which could indicate that Mr. Castaneda intended to include additional named defendants, the specific causes of action name additional defendants, and to save judicial resources in the event Mr. Castaneda would amend his Complaint to name these state Court judges in the caption, the Court construes the Complaint as bringing allegations against the judges discussed as defendants in the body of the Complaint. The Court evaluates the allegations to see whether judicial immunity applies with respect to the various judges discussed in the Complaint.

Mr. Castaneda's allegations against U.S. Magistrate Judge Kim are that he engaged in an *ex parte* communication with an attorney and that he engaged in "bait and switch" tactics to ensure that Mr. Castaneda lost his case. This is judicial conduct for which Judge Kim is absolutely immune from suit.

Regarding the many state court judges, Mr. Castaneda describes various conduct, but it is all conduct in their judicial capacity. The judges are therefore absolutely immune from suit. Mr. Castaneda's speculative and conclusory allegations that the judges accepted bribes and otherwise engaged in improper behavior does not change this finding. "To foreclose immunity upon allegations that judicial and prosecutorial decisions were conditioned upon a conspiracy or bribery serves to defeat" the policies underlying broad judicial and prosecutorial immunity. *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (*en banc*). "As long as the judge's

PAGE 10 – OPINION AND ORDER

ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Id.*; *see also Khazali v. Berns*, 2016 WL 4479915, at *2 (W.D. Wash. Aug. 24, 2016) ("Judicial immunity applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy."); *Gozzi v. Cty. of Monterey*, 2014 WL 6988632, at *7 (N.D. Cal. Dec. 10, 2014) ("Moreover, even if the Judicial Defendants had acted corruptly and received bribes, as Plaintiff appears to allege, they would still be immune from Plaintiff's § 1983 claim.").

The Complaint also discusses, but does not name in the caption, "court manager" Charles "Chuck" Love. Mr. Love is named as a defendant in a few causes of action. Mr. Castaneda alleges, among other things, that Mr. Love failed properly to supervise court clerks, maintained an unconstitutional custom or practice of manipulating the documents filed in cases, and allowed court clerks to manipulate and destroy evidence. Mr. Castaneda notes that a state court judge told Mr. Castaneda it was "clerk error" when exhibits were missing, and this "proves" Mr. Love's malfeasance. The Court again will liberally construe the Complaint as alleging claims against Mr. Love.

The Ninth Circuit has extended absolute immunity to court clerks and similar staff, even for what could be considered administrative or ministerial functions, if those functions are "quasi-judicial" in nature. *See, e.g.*, *In re Castillo*, 297 F.3d 940, 951-53 (9th Cir. 2002), *as amended* (Sept. 6, 2002); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996). In these cases, the Ninth Circuit held that functions giving rise to quasi-judicial immunity include scheduling and giving notice of hearings and handling a supersedeas bond. The court also cited with approval the Second Circuit's decision holding that absolute immunity arises because "[a] court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute

PAGE 11 – OPINION AND ORDER

immunity." *Castillo*, 297 F.3d at 951 (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)). Under the test articulated by the Ninth Circuit for court support staff, the acts alleged by Mr. Love in the Complaint are subject to absolute quasi-judicial immunity.

### D. Failure to State a Claim or Frivolous

The remaining named Defendants are the City and County of Los Angeles, and two private attorneys, Jack K. Conway and Jan W. Anderson. Mr. Castaneda does not allege sufficient facts regarding the City and County of Los Angeles to state any claim for relief against these Defendants. Mr. Castaneda does not specifically identify City or County employees, policies, or practices, but instead focuses his allegations on court employees and alleged policies and practices, who have been discussed above. Accordingly, the claims against the City and County are dismissed. The Court reviews Mr. Castaneda's claims against the two attorneys.

#### 1. Claims Under 42 U.S.C. § 1983

Mr. Castaneda fails to allege facts showing that the private attorneys are state actors. Courts faced with a § 1983 claim against a private party "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "A private individual's action may be 'under color of state law' where there is 'significant' state involvement in the action." *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002). There are "four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Id.* at 445. Mr. Castaneda appears to be alleging the joint action test.

> Under the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. The test focuses on whether the state has so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint

> participant in the challenged activity. A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents. To be liable as co-conspirators, each participant in a conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights.

*Id.* (quotation marks and citations omitted) (alterations in original).

Mr. Castaneda alleges that he hired Mr. Conway on December 17, 2008, but then on January 13, 2009, Mr. Conway did not show up to hearing and another attorney, Mr. Shomer, who Mr. Castaneda had never met, appeared in place of Mr. Conway. He alleges that on February 2, 2009, Mr. Conway signed a stipulation, the full contents of which are not alleged.[4] Mr. Castaneda alleges that he provided Mr. Conway with evidence relating to a 2006 case, but that Mr. Conway withheld that evidence due to greed. He further alleges that Mr. Conway conspired with attorney Lisa Marie MacCauley to keep a different case in the court system for years to "milk" the case for additional fees for personal financial gain. He asserts that the judge in the case "ignored" that the attorneys, including Mr. Conway, were "liars" and "perjurers." Mr. Castaneda quotes from court appearances in which Mr. Shomer states that he is appearing in place of Mr. Conway, and in which Mr. Conway states that he was retained by Mr. Castaneda sometime around February 2, 3, or 4th, 2009. He alleges these statements are lies. He also alleges that Mr. Conway is being investigated by the California State Bar and has been disbarred.

Mr. Castaneda's allegations fail to show that Mr. Conway engaged in a conspiracy with agents or employees of the state court to violate Mr. Castaneda's constitutional rights, or were otherwise in such a position of interdependence so as to be considered joint participants.

---

[4] Only the signature page of this stipulation is attached as an exhibit to the Complaint.

PAGE 13 – OPINION AND ORDER

Mr. Castaneda's allegations are hyperbolic, speculative, and conclusory. At best, they relate to Mr. Conway's own alleged conduct. They do not, however, show a conspiracy with state actors such as court personnel. Mr. Castaneda's claim is frivolous as that term is used § 1915(e) and fails to state a claim under § 1983.

Regarding Ms. Anderson, Mr. Castaneda alleges that Ms. Anderson moved to Oregon after "stealing" money from the probate case in which she was involved and that she falsely asserted that there was no money distribute in the estate. These allegations are insufficient to show a conspiracy with state actors. Therefore, Mr. Castaneda fails to state a claim under § 1983 against Ms. Anderson.

### 2. Claim Under 42 U.S.C. § 1985

It is not clear what subsection under § 1985 Mr. Castaneda intended to bring his claim. There are two potential clauses that might fit Mr. Castaneda's allegations: (1) the second clause of § 1985(2), which prohibits "conspiracies to interfere with justice in the state courts 'with intent to deny any citizen' '*due and equal protection* of the laws.'" *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (emphasis in original); and (2) the first clause of § 1985(3), which prohibits "private conspiracies to deny 'any person or class of persons . . . the *equal protection* of the laws.'" *Id.* at 1028-29 (alteration and emphasis in original).

A claim under the first clause of § 1985(3) requires showing: "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws, (2) an act in furtherance of the conspiracy, and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). "A mere allegation of conspiracy without factual specificity is insufficient." *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (quotation marks omitted). "[I]n addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus

PAGE 14 – OPINION AND ORDER

behind the conspirators' action." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)). A claim under the second clause of § 1985(2) requires the same showing. *See Bretz*, 773 F.2d at 1030.

Mr. Castaneda's § 1985 claim is frivolous and fails to state a claim because it lacks an arguable basis in fact and law. He does not allege facts supporting a conspiracy involving Mr. Conway or Ms. Anderson to deprive Mr. Castaneda of the equal protection of the laws, as opposed to fanciful and conclusory allegations of a conspiracy. He also does not allege sufficient facts showing racial or class-based animus. He merely alleges that "no jury trials are allowed for Mexicans" and that James Blume lost a similar case. Mr. Castaneda does not, however, allege facts showing that his race was relevant to the outcome of his cases, that Mr. Blume is a Mexican, that Mr. Blume's race was relevant to the outcome of his case, or other factual allegations supporting a conspiracy by Mr. Conway or Ms. Anderson that is driven by race- or class-based animus.

### 3. Claim Under 18 U.S.C. §§ 241 and 242

These are criminal statutes that provide no basis for civil liability. *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."). The Court dismisses these claims with prejudice

### 4. Remaining State Law Claims

Mr. Castaneda's remaining causes of action can be liberally construed as alleging state law claims for fraud, conversion, unjust enrichment, and legal malpractice. Even assuming Mr. Castaneda's allegations plausibly state a claim, these are claims brought under state law and are insufficient to invoke the jurisdiction of a federal court.

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). A district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and within the area of jurisdiction granted by Congress. *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As discussed above, the Court is dismissing Mr. Castaneda's claims brought under federal law. Because he alleges that he a citizen of California, and he does not allege complete diversity with Mr. Conway, who appears also to be a citizen of California,[5] it does not appear that there is diversity jurisdiction in this case. Accordingly, the Court declines to invoke its supplemental jurisdiction over Mr. Castaneda's claims brought under state law.

**E. Leave to Replead**

The claims against the Defendants who are immune from suit are dismissed without leave to replead. Although the Court is skeptical that Mr. Castaneda can cure the deficiencies identified

---

[5] The proposed Summons filed by Mr. Castaneda lists a California address for Mr. Conway.

in this Order with respect to his claims against the remaining Defendants, the Court does not find that it is *absolutely clear* that no amendment can cure the deficiencies.

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (ECF 1) is GRANTED. Because Plaintiff fails to state a claim and his claims against certain Defendants are barred by sovereign and judicial immunity, this case is dismissed *sua sponte*. Plaintiff's claims against United State Magistrate Judge Steve Kim and all the state court judges are dismissed with prejudice and without leave to amend. Plaintiff's claim under 18 U.S.C. §§ 241 and 242 is dismissed with prejudice and without leave to amend. Plaintiff's claims under 42 U.S.C. § 1983 against the State of California, the California State Bar, and the Los Angeles Superior Court are dismissed with prejudice and without leave to amend. Plaintiff's remaining claims against the State of California, the California State Bar, and the Los Angeles Superior Court are dismissed without prejudice but without leave to amend in this Court. Plaintiff's remaining claims against the City of Los Angeles, the County of Los Angeles, Jack K. Conway, and Jan W. Anderson are dismissed without prejudice. Not later than July 31, 2020, Plaintiff may file an Amended Complaint if he can cure the deficiencies identified in this Opinion and Order.

**IT IS SO ORDERED.**

DATED this 15th day of July, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 17 – OPINION AND ORDER